(Reap. Dec. 10403)

JOHN L. WESTLAND & SON, INC., A/C D. E. SANFORD CO., INC. *v.* UNITED STATES

Entry No. DE–24313.

(Decided December 18, 1962)

*Lawrence & Tuttle (Edward N. Glad* of counsel) for the plaintiff.

*Joseph D. Guilfoyle,* Acting Assistant Attorney General (*Morris Braverman,* trial attorney), for the defendant.

JOHNSON, Judge: When this appeal for reappraisement was called for trial, it was submitted upon the following stipulation of counsel for the respective parties:

MR. GLAD: We offer to stipulate that the merchandise involved herein consists of plastic flowers which were exported from Hong Kong during the latter half of 1959.

We further offer to stipulate that these artificial flowers are not on the final list promulgated by the Secretary of the Treasury in response to the Customs Simplification Act of 1956, and are therefore under the new law.

We offer to stipulate that the export value thereof are the unit values as appraised, plus all of the additional charges indicated on the invoice as taken by the Appraiser, except for the 5 percent buying commission, which should be part of the non-dutiable items.

Mr. BRAVERMAN: From information obtained from the Assistant Appraiser, Mr. Clouse, who is present in court, the Government so stipulates.

MR. GLAD: Plaintiff rests and submits.

MR. BRAVERMAN: Government rests and submits.

On the agreed facts, I find that the export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the merchandise involved herein and that such value is represented by the unit appraised values, plus all of the additional charges indicated on the invoice as taken by the appraiser, other than the 5 per centum buying commission, which is nondutiable.

Judgment will be rendered accordingly.